**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

                                        SUPERIOR COURT OF NEW JERSEY
                                        APPELLATE DIVISION
                                        DOCKET NO. A-0585-15T1

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

    Plaintiff-Respondent,

v.

J.R. and V.G.,

    Defendants,

and

I.J.,

    Defendant-Appellant.

_____

IN THE MATTER OF A.G., a
minor.

_____

        Submitted January 24, 2017 — Decided  March 8, 2017

        Before Judges Reisner and Sumners.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Family Part, Hudson
        County, Docket No. FN-09-165-13.

Joseph E. Krakora, Public Defender, attorney for appellant (Beth Anne Hahn, Designated Counsel, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent (Andrea M. Silkowitz, Assistant Attorney General, of counsel; Julie B. Colonna, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Cory H. Cassar, Designated Counsel, on the brief).

PER CURIAM

In this Title 9 case, defendant I.J. appeals from a March 18, 2013 fact finding order. We affirm substantially for the reasons stated by Judge Bernadette N. DeCastro in her oral opinion issued on March 18, 2013, at the close of the hearing.

The essential facts are set forth in Judge DeCastro's opinion. To summarize, defendant refused to provide food for her fifteen-year-old stepdaughter, A.G., who was an insulin dependent diabetic. Defendant admitted to a worker from the Division of Child Protection and Permanency (Division) that she hated the girl, thought she was a child of the devil, and refused to cook for her. She admitted that when she cooked for the family, she refused to give the child any of the food, and was angry when the child ate some food from her father's plate.

The Division also presented testimony from a school nurse concerning her observation of the girl's weight loss and elevated blood sugar levels. The nurse recounted the girl's statements that her stepmother refused to let her eat meals at the home. The nurse explained that the girl needed to eat regular meals, monitor her blood sugar levels, and take insulin, in order to avoid going into shock and collapsing.

According to the Division worker, the girl told her that defendant took her house keys, which prevented her from getting into the house in the evening and obtaining either food or her insulin. The worker determined for herself that no one was at the home at the time and the girl was unable to get into the house. As a result, the worker took the girl to a pharmacy and bought her some insulin.

Defendant did not testify or present any evidence at the fact finding hearing.

Citing G.S. v. Department of Human Services, 157 N.J. 161, 177 (1999), Judge DeCastro concluded that defendant committed wonton, intentional, and grossly negligent conduct by depriving an insulin dependent diabetic child of food and locking her out of the house. See N.J.S.A. 9:6-8.21(c)(4) (defining an abused or neglected child). After reviewing the record, we conclude that Judge DeCastro's decision is supported by substantial credible

evidence.  See N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448-49 (2012).

On this appeal, defendant attempts to minimize her own conduct, arguing that the girl should have been responsible for making her own meals with whatever food she could find in the house, and she should have been responsible for managing her own medical condition.[1]  Defendant presents the following points of argument:

> THE TRIAL COURT ERRED IN FINDING THAT I.J. ABUSED OR NEGLECTED A.G.
>
> A.   THE TRIAL COURT ERRED IN FINDING THAT A.G. LACKED ADEQUATE FOOD BECAUSE SHE DID NOT HAVE A COOKED DINNER WITH HER FAMILY
>
> B.   THE TRIAL COURT ERRED IN FINDING THAT A LACK OF A COOKED DINNER WITH HER FAMILY HARMED A.G.

In light of the record, defendant's appellate contentions are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Defendant's arguments improperly rely on self-serving statements she made to a psychologist in May 2013. The psychologist's report was not introduced at the March 2013 fact finding hearing.

A-0585-15T1